IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

**JAMES D. LANTOS,**

    Plaintiff,

    v.                                     Civil Action No. _____

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

    Defendant.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF [REDACTED PUBLIC VERSION — UNREDACTED VERSION FILED UNDER SEAL] UNDER THE FAIR CREDIT REPORTING ACT**

**I. INTRODUCTION**

1. This is an action for actual, statutory, and punitive damages brought by an individual consumer against Experian Information Solutions, Inc. ("Experian") for willful and negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), arising from Experian's continued reporting of a Discover Card account as an active "charge-off" despite the creditor's formal cancellation of the underlying debt as documented by IRS Form 1099-C.

2. On December 31, 2025, Capital One, N.A. (as successor to Discover Financial Services) issued an IRS Form 1099-C formally cancelling Plaintiff's Discover Card debt in the amount of $12,281.63. The 1099-C lists Identifiable Event Code "G"—indicating a "Decision or policy to discontinue collection."

3. Despite this formal debt cancellation, Experian continues to report the Discover account with a "CO" (Charge Off) status every month, including as recently as February 12, 2026, creating a materially false and misleading impression that a valid, outstanding debt obligation exists when the creditor has formally discharged and cancelled it.

4. On February 12, 2026, Experian completed a reinvestigation of Plaintiff's dispute regarding this account and returned a result of "Verified and Updated," continuing to report the account as a charge-off. This reinvestigation was patently unreasonable, as Experian failed to account for the 1099-C debt cancellation.

5. Plaintiff has already successfully compelled Equifax Information Services to suppress this same Discover tradeline from his Equifax credit report following Discover's debt cancellation. Equifax's counsel confirmed suppression of the account on January 26, 2026. Experian's refusal to take similar action, despite being presented with the same evidence, demonstrates willful disregard for consumer protection laws.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 15 U.S.C. § 1681p, which provides that "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy."

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, Plaintiff resides in this District, and Experian transacts business and maintains credit files on consumers in this District.

8. Plaintiff James D. Lantos is a natural person and resident of South Paris, Oxford County, Maine.

9. Defendant Experian Information Solutions, Inc. is a corporation organized under the laws of the State of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), and regularly conducts business in the State of Maine and in this judicial district.

## III. FACTUAL BACKGROUND

### *A. The Discover Card Account and Debt Cancellation*

10. Plaintiff opened a Discover Card credit card account (Account No. ending in [REDACTED]) on or about January 28, 2018, with an original credit limit of $12,000.

11. In approximately late 2020, Plaintiff experienced severe financial hardship, including [REDACTED — MEDICAL/DISABILITY INFORMATION FILED UNDER SEAL].

12. In August 2020, Plaintiff wrote to Discover requesting cancellation of the debt due to [REDACTED — PERSONAL CIRCUMSTANCES FILED UNDER SEAL].

13. The account was subsequently charged off, with a first delinquency date of approximately November 2020. From that time through the present, Discover (and/or its successor Capital One) has reported this account with a "CO" (Charge Off) status to the credit bureaus every single month—over five consecutive years of monthly negative reporting.

14. On December 31, 2025, Capital One, N.A. (as successor to Discover Financial Services) issued IRS Form 1099-C, formally cancelling the debt. The 1099-C specifies: Date of Identifiable Event: December 31, 2025; Amount of Debt Discharged: $12,281.63; Interest Included in Box 2: $1,187.34; Identifiable Event Code: G (Decision or policy to discontinue collection); Account Number: [REDACTED].

15. The issuance of a 1099-C with Code G constitutes the creditor's formal, irrevocable decision to discontinue collection and cancel the debt. The debt no longer legally exists as an obligation of the Plaintiff.

### B. Experian's Continued Inaccurate Reporting After Debt Cancellation

16. Following receipt of the 1099-C, Plaintiff submitted a formal dispute to Experian requesting removal or correction of the Discover Card tradeline, providing the 1099-C as supporting documentation.

17. On February 12, 2026, Experian completed its reinvestigation and returned a result of "Verified and Updated," stating: "The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated."

18. As of February 12, 2026, Experian's credit report for Plaintiff continues to display the Discover Card account with the following materially inaccurate and misleading information: Status: "Account charged off. $12,322 written off. $12,281 past due as of Feb 2026"; Balance: $12,281 (updated 02/12/2026); Payment History: "CO" for every month from July 2021 through February 2026.

19. This reporting is materially inaccurate and misleading because: (a) the debt has been formally cancelled by the creditor; (b) the creditor has reported the cancellation to the IRS via Form 1099-C; (c) no valid debt obligation exists; and (d) reporting an active "charge-off" with a current "past due" balance on a cancelled debt creates a false impression that Plaintiff owes money he does not owe.

### C. Equifax's Removal of the Same Tradeline

20. On January 26, 2026, Plaintiff contacted counsel for Equifax Information Services—Ritika Singh of Seyfarth Shaw LLP—and requested that Equifax suppress the Discover tradeline based on the 1099-C debt cancellation.

21. On January 26, 2026, Ms. Singh confirmed via email: "As a one-time courtesy, we can agree to suppress the Discover account ending in [REDACTED]. We'll send you an updated Equifax disclosure shortly to confirm that it's accurate."

22. Equifax subsequently suppressed the Discover tradeline from Plaintiff's credit report, confirming that the continued reporting of a cancelled debt as an active charge-off is neither accurate nor appropriate.

23. Experian's refusal to take similar corrective action, when presented with the identical evidence that compelled Equifax to suppress the tradeline, demonstrates willful disregard for the requirements of the FCRA.

### D. Plaintiff's Prior FCRA Litigation History with Credit Bureaus

24. This is not the first time Plaintiff has been forced to litigate to compel credit bureaus to comply with the FCRA. In 2023, Plaintiff filed suit against Equifax, Experian, and TransUnion in this Court (Case No. 2:23-cv-00240-LEW) regarding the practice of continuous monthly "CO" reporting on charged-off accounts. That case was dismissed on a motion to dismiss on February 26, 2024.

25. In 2025, Plaintiff filed suit against Equifax in this Court (Case No. 2:25-cv-00405-LEW) regarding Equifax's refusal to investigate and remove an inaccurate Verizon collection account from his credit report. That matter was settled on August 27, 2025, with Equifax agreeing to suppress the Verizon tradeline and pay $500.

26. The instant case is materially distinguishable from the 2023 action. In that earlier case, the debt had not been cancelled—the debts were active charge-offs being reported as such. Here, the creditor has formally cancelled the debt via 1099-C, and Experian continues to report it as though a valid obligation exists. This is not a question of whether "CO" reporting is inherently inaccurate; it is a question of whether reporting a cancelled debt as an active charge-off with a current balance is inaccurate. It plainly is.

### E. Experian's History of Non-Responsiveness

27. Experian has a documented history of non-responsiveness to Plaintiff's disputes. In the Verizon matter, Plaintiff was forced to file a complaint with the Consumer Financial Protection Bureau (CFPB) and enlist the intervention of United States Senator Susan Collins' office before Experian would remove the inaccurate Verizon listing—despite TransUnion having removed the same listing months earlier after a straightforward investigation.

28. Experian's February 12, 2026 reinvestigation result—"Verified and Updated"—demonstrates the same pattern of rubber-stamping furnisher data without conducting a meaningful investigation. A reasonable investigation would have revealed the 1099-C debt cancellation and resulted in removal or material correction of the tradeline.

## IV. CAUSES OF ACTION

### COUNT I

***Willful Violation of FCRA § 1681e(b)***
***Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy***

29. Plaintiff incorporates paragraphs 1–28 as if fully set forth herein.

30. 15 U.S.C. § 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

31. Experian willfully failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report by continuing to report the Discover Card account as an active charge-off with a current balance of $12,281 past due, despite the creditor's formal cancellation of the debt.

32. Experian's procedures are unreasonable because they fail to account for material changes in debt status, including formal cancellation documented by IRS Form 1099-C, and instead blindly parrot furnisher data without independent verification.

33. Experian's violation is willful because: (a) it was presented with the 1099-C documentation; (b) it was aware that Equifax had already suppressed the same tradeline; (c) it has been involved in prior FCRA litigation with Plaintiff and is aware of its obligations; and (d) it nevertheless chose to verify the inaccurate information rather than correct it.

## COUNT II
### *Willful Violation of FCRA § 1681i(a)*
### *Failure to Conduct Reasonable Reinvestigation*

34. Plaintiff incorporates paragraphs 1–33 as if fully set forth herein.

35. 15 U.S.C. § 1681i(a)(1)(A) requires consumer reporting agencies, upon receiving notice of a dispute from a consumer, to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.

36. On or about late January/early February 2026, Plaintiff submitted a formal dispute to Experian regarding the Discover Card tradeline, providing the 1099-C as supporting documentation.

37. Experian's reinvestigation was unreasonable because it failed to consider the 1099-C documentation, failed to independently verify whether the debt had been cancelled, and instead simply accepted the furnisher's continued "CO" reporting without meaningful analysis.

38. Experian's reinvestigation result—"Verified and Updated" with continued charge-off reporting—demonstrates a systemic failure to conduct meaningful reinvestigations as required by the FCRA.

39. This violation is willful, as Experian had actual notice of the debt cancellation, actual notice that Equifax had already suppressed the tradeline based on the same information, and chose to verify the inaccurate information rather than correct it.

## COUNT III

### *Negligent Violation of FCRA §§ 1681e(b) and 1681i(a)*

40. Plaintiff incorporates paragraphs 1–39 as if fully set forth herein.

41. In the alternative, to the extent the Court determines Experian's conduct was not willful, Experian's continued reporting of the cancelled Discover debt as an active charge-off and its failure to conduct a reasonable reinvestigation constitute negligent violations of §§ 1681e(b) and 1681i(a).

## V. DAMAGES

42. As a direct and proximate result of Experian's violations, Plaintiff has suffered and continues to suffer the following damages:

    a. Continued depression of his credit score due to the false charge-off reporting, preventing access to credit at reasonable terms;

    b. Inability to secure housing, refinance debts, or obtain credit products that would be available but for the inaccurate reporting;

    c. Emotional distress, anxiety, frustration, and humiliation arising from the continued inaccurate reporting of a debt that has been formally cancelled;

    d. Out-of-pocket expenses for certified mail, copying, and time spent attempting to resolve this matter through dispute channels;

    e. The Discover charge-off accounts for approximately $12,281 of negative tradeline impact on his credit score, which is particularly damaging because Plaintiff's credit report contains limited active positive tradelines.

43. [REDACTED — PERSONAL FINANCIAL AND MEDICAL INFORMATION FILED UNDER SEAL]

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Experian Information Solutions, Inc., and award the following relief:

   a. A declaratory judgment that Experian's conduct violated the FCRA;

   b. An injunction ordering Experian to immediately remove or correct the Discover Card tradeline (Account No. ending in [REDACTED]) from Plaintiff's credit report;

   c. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and/or § 1681n(a)(1);

   d. Statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

   e. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   f. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) and/or § 1681o(a)(2);

   g. Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,


/s/ James Lantos

**James D. Lantos, Pro Se**

408 Paris Hill Road

South Paris, ME 04281

Telephone: (781) 296-3539

Email: jim@jimlantos.com


Dated: February 12, 2026